IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL No. 2326

---------------------------------------------------------------

THIS DOCUMENT RELATES TO THE FOLLOWING CASE:

*Sharon Pelkey v. Boston Scientific Corp.*　　　No. 2:13-cv-07084

**ORDER**

Pending before the court is defendant's Motion to Dismiss for Failure to Comply with Pretrial Order No. 100 ("Motion to Dismiss") [Docket 18]. As explained below, the Motion to Dismiss is **DENIED**.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 70,000 cases currently pending, approximately 15,000 of which are in the Boston Scientific Corp. ("BSC") MDL, MDL 2326. To streamline the process of litigating thousands of cases, the court ordered the plaintiffs and defendants to each select 50 cases, which would then become part of a "wave" of cases that the court would prepare for trial and, if necessary, remand to the appropriate court. (*See* Pretrial Order # 65). This selection process was completed twice, creating two waves of 100 cases, Wave 1 and Wave 2. The case of the plaintiff, Ms. Pelkey, was selected as a Wave 2 case by BSC.

On November 6, 2014, BSC moved to dismiss on the basis that the plaintiff failed to comply with Pretrial Order # 100. (Mot. to Dismiss [Docket 18]). Pretrial Order # 100 addresses the discovery procedures and scheduling for Wave 1 and Wave 2 cases, requiring the Wave 2 parties to complete "limited discovery" by October 3, 2014. (Pretrial Order # 100, ¶ 12). Limited discovery consists of deposing the plaintiff and deposing the implanting physician. (Pretrial Order # 65, ¶ 10). Here, Ms. Pelkey submitted to deposition on August 21, 2014, during which she answered questions about the claims brought against BSC. The parties agreed to conduct a follow-up deposition to discuss Ms. Pelkey's criminal convictions, but this deposition never took place. BSC argues that by failing to be available for a follow-up deposition, Ms. Pelkey violated Pretrial Order # 100 such that her case should be dismissed with prejudice.

I disagree. Ms. Pelkey submitted to a deposition in compliance with Pretrial Order # 100. Any subsequent deposition agreed to by the parties is not governed by the deadlines set forth in Pretrial Order # 100. (*See* Pretrial Order # 36, at 2 ("Second depositions on new subject matter shall be permitted only upon consent of the parties . . . .")). At any rate, the parties agreed to wait until after Ms. Pelkey's sentencing hearing to conduct the second deposition, and at the time BSC filed its Motion to Dismiss, the sentencing hearing had not taken place. Thus, there was no violation of the pretrial order and no violation of the parties' agreement.[1]

BSC also contends that dismissal is warranted because the plaintiff "refused to cooperate in scheduling the deposition of her implanting physician, Dr. Hamilton." The plaintiff responds that although Dr. Hamilton's deposition has not taken place within the timeframe set forth in

---

[1] Apparently, Ms. Pelkey requested and obtained a continuance of her sentencing hearing four times since the initial deposition. The sentencing hearing was most recently scheduled for December 12, 2014, and it is not known whether the hearing actually took place. BSC asserts that this delay "has been her own doing," and as such, it is "not a valid reason to further postpone her deposition." (BSC's Mem. in Supp. of Its Mot. to Dismiss [Docket 19], at 4). In support of this argument, BSC points to notes from what appear to be Ms. Pelkey's medical records. (*See* Ex. D [Docket 18-4], at 14). The notes suggest that Ms. Pelkey asked her physician for a letter describing her poor health for the purpose of delaying her sentencing hearing. However, there is no indication that this request was disingenuous, and therefore, I am not persuaded to dismiss Ms. Pelkey's case on this basis.

Pretrial Order # 100, it was not due to the plaintiff's lack of cooperation. (Pl.'s Resp. to BSC's Mot. to Dismiss [Docket 23], at 5–7). Indeed, the plaintiff filed email correspondence between the parties demonstrating that that the plaintiff made several attempts to schedule Dr. Hamilton's deposition and received little cooperation in return from BSC. (*See* Ex. C [Docket 23-3]). Therefore, I do not find the inability to depose Dr. Hamilton, which has resulted from the failures of both parties, as valid reason to take the extreme step of dismissing the case with prejudice.

Finally, BSC asserts that the plaintiff's failure to provide timely case-specific expert reports calls for dismissal. Compliance with court-ordered deadlines is vital to the operation of multidistrict litigation. However, given the unique circumstances of this case (specifically, the delay created by the pending criminal matters) and the fact that the plaintiff has submitted to deposition and has cooperated in the attempts to schedule Dr. Hamilton's deposition, I **FIND** that dismissal with prejudice for delayed expert disclosures is not proper at this time.

For these reasons, BSC's Motion to Dismiss [Docket 18] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

        ENTER:        January 29, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE